UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenyal Lamond Rodgers, #332892,<br><br>                Petitioner,<br>vs.<br><br>Leory Cartledge, Warden,<br><br>                Respondent. | Civil Action No.: 5:15-00777-BHH<br><br>**Opinion and Order** |

      Petitioner, Kenyal Lamond Rodgers, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Kaymani D. West, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge West recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed. (ECF No. 38.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

      Petitioner filed this action against Respondent alleging, *inter alia,* ineffective assistance of counsel. On December 8, 2015, the Magistrate Judge issued a Report; and on December 23, 2015, and December 29, 2015, Petitioner and Respondent filed their Objections, respectively. (ECF Nos. 40 and 42.) Petitioner filed a Reply on January 19, 2016. (ECF No. 45.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and

1

undisputed facts relevant to this action. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

As noted above, both Petitioner and Respondent filed objections to the Magistrate Judge's Report which the Court has carefully reviewed. The Court will address the objections in turn. Respondent objects to the Magistrate Judge's findings on Ground One, which alleges that "[t]he trial court erred by accepting guilty plea without fully advising defendant of sentencing consequences." (ECF No. 1 at 5.) Here,

---

[1] As always, the Court says only what is necessary to address the parties' objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

Respondent objects that the Magistrate Judge erred in finding that this claim was not procedurally barred.

In her exceptionally thorough thirty-nine page Report, the Magistrate Judge engaged in a thoughtful and comprehensive analysis of this claim. The Magistrate Judge first found that Petitioner's "pro se petition . . . sufficiently placed the federal nature of his position before the South Carolina Supreme Court[,]" and that "this fair presentation was made without objection from the State." (ECF No. 38 at 25.) After recognizing Petitioner's pro se status both during the PCR application and hearing process, the Magistrate Judge found that Ground One was not procedurally barred. She concluded that the claim nevertheless failed on the merits, finding that the state court reasonably determined that the plea colloquy satisfied constitutional requirements and that Petitioner failed to prove "by clear and convincing evidence" why he should not be bound by his statements at the plea hearing. (*Id.* at 29–30.) *See Walton v. Angelone*, 321 F.3d 442, 462 (4th Cir. 2003) (finding no cause for a court to disregard apparently truthful statements where petitioner "presented no evidence of sufficient evidentiary force, e.g., evidence that he was forced, coerced, threatened, or improperly induced into pleading guilty"); *see also Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1974) (Respondent's plea statements "conclusive[]" absent respondent's showing in collateral proceeding "a valid reason why he should be permitted to depart from the apparent truth of his earlier statement"). Upon *de novo* review, the Court finds that based on the facts of this case, the Magistrate Judge did not err in her disposition of this claim. Respondent's objection is therefore overruled.

The Court further agrees with the Magistrate Judge's finding that Grounds Two and Three fail on the merits. Ground Two alleges ineffective assistance of counsel for failure to sufficiently explain the charges filed against Petitioner, including the sentencing consequences. (ECF No. 1 at 6–7.) The Magistrate Judge correctly found that the ruling of the state court was reasonable and that Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland v. Washington*, 466 U.S. 886 (1984), and its progeny. (ECF No. 38 at 31–36.) Ground Three alleges that the trial court "[f]ailed to [a]dhere to the Mandates and Rules [sic] 11 . . . (e)(1)(d)." (ECF No. 1 at 8.) To dispose of this claim, the Magistrate Judge referenced her discussion of Ground One and correctly found that Petitioner failed to "provide any plausible support for his assertion that the plea colloquy needed to comply fully with Rule 11 of the Federal Rules of Criminal Procedure." (ECF No. 38 at 38.)

Finally, the Court agrees with the Magistrate Judge's finding that Ground Four fails to state a cognizable § 2254 claim. Ground Four alleges lack of jurisdiction. (ECF No. 1 at 9.) As the Magistrate Judge correctly stated, "the issue of whether or not a court acts with the requisite jurisdiction is a matter of state law and, therefore, not cognizable in federal habeas actions." (ECF No. 38 at 27 (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (jurisdiction is a matter of state law); *McCray v. Maynard*, No. 6:02-cv-0838-19AK, 2002 WL 32078935, *6 (D.S.C. March 20, 2002) (same)).)

Petitioner's objections consist of nothing more than arguments that the Magistrate Judge has already considered and rejected. Thus, with respect to

4

Petitioner's objections specifically, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not discuss those same issues for a second time here. Therefore, the Court will overrule Petitioner's objections.

## **CONCLUSION**

After de novo review of Ground One, the Court finds that the Magistrate Judge correctly disposed of that claim. After a thorough review of the remainder of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit and the Magistrate Judge's conclusions evince no clear error. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules both parties' objections, adopts the Report, and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 29) is GRANTED and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v.*

5

*McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks  
United States District Judge

January 27, 2016  
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.